**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| JOCELYNE WELCH, | ) | |
| | ) | |
|                 **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:17-CV-186-DBH |
| | ) | |
| THE AMERICAN RED CROSS, | ) | |
| NORTHERN NEW ENGLAND | ) | |
| REGION, | ) | |
| | ) | |
|                 **DEFENDANT** | ) | |

**DECISION AND ORDER ON MOTION TO DISMISS**

The defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART** as follows.

With respect to Count I, the failure to accommodate claim, and the defendant's argument that the statute of limitations bars it, the parties agree that the plaintiff did file in a timely manner so far as her employer's decision on September 10, 2015, to deny the plaintiff further leave and terminate her employment is concerned. The employer argues, however, that earlier accommodation issues are time-barred, whereas the plaintiff does not make a specific legal argument about the earlier alleged failures to accommodate, but seems to believe that the September 10, 2015 alleged failure keeps them viable:

> Welch alleges that the Red Cross failed to provide her with certain reasonable accommodations from the time she returned to work until her termination on September 10th, 2015. The Red Cross['s] last failure to accommodate Welch took place on September 10th when it refused to continue her medical leave, instead terminating her. September 10th is,

> therefore, the operative date from which the applicable state of limitations began to run. Based on the operative date, Welch did comply [with] the applicable 300 [day administrative filing requirement] and 2 year statutes. . . . The Red Cross['s] last failure to accommodate Welch, however, took place on September 10th when the Red Cross refused to continue to accommodate Welch by allowing her to remain on leave.

Pl.'s Opp'n to Def.'s Mot. 3–4 (ECF No. 11). In its reply memorandum, the defendant cites Tobin v. Liberty Mutual Insurance Co., 553 F.3d 121, 130–31 (1st Cir. 2009), for the proposition that "[t]he continuing violation doctrine, however, does not apply to failure-to-accommodate claims." Def.'s Reply Mem. 2 (ECF No. 12). If the plaintiff has any authority to counter this argument, she shall file a supplemental memorandum by July 11, 2017, explaining her claim with legal citations,[1] failing which I will grant the motion to dismiss as to claims of failure to accommodate preceding the September 10, 2015 decision, but allowing her to proceed with respect to that particular alleged failure to accommodate.

The defendant has not moved to dismiss Count II.

With respect to Count III, the plaintiff has specified that this "retaliation count arises out of her requests for accommodations," and that the defendant's belief that the protected activity that generated the retaliation was "her complaint

---

[1] I am allowing that further opportunity for argument because of the way the argument in this case progressed. Initially the defendant moved to dismiss this count on the premise that the alleged failures to accommodate occurred between May 2013 and March 8, 2015, when the plaintiff went out on FMLA leave, and that all such alleged failures were barred by the statute of limitations. Def.'s Mot. to Dismiss 3–4 (ECF No. 9). In response, the plaintiff stated that September 10, 2015 was the operative date, and that her failure to accommodate claim was therefore not time-barred. Pl.'s Opp'n to Def.'s Mot. 3–4 (ECF No. 11). Then only in its reply memorandum did the defendant raise the continuing violation issue. The plaintiff has asked "leave to plead additional facts, if needed." Id. at 2. I do not see how additional facts will contribute to the dispute on this issue, but the deadline for pursuing any such amendment to the complaint is also July 11, 2017.

2

of a hostile work environment" was a "misplaced" "assumption."  Pl.'s Opp'n to Def.'s Mot. 4 & n.2 (ECF No. 11).  I consider that clarification now to control the scope of Count III, and there is no need to dismiss Count III even in part as the defendant requests.

The motion to dismiss Count IV is **GRANTED** as unopposed.

Therefore Count IV is **DISMISSED**, Count II may proceed, Count III may proceed as limited, and the ruling on Count I will await July 11, 2017.

**SO ORDERED.**

**DATED THIS 27TH DAY OF JUNE, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**